PAUL L. REIN, Esq. (SBN 43053)
CELIA MCGUINNESS, Esq. (SBN 159420)
CATHERINE M. CABALO, Esq. (SBN 248198)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone: 510/832-5001
Facsimile:  510/832-4787
reinlawoffice@aol.com

Attorneys for Plaintiff
SEBASTIAN DEFRANCESCO

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEBASTIAN DEFRANCESCO,<br><br>Plaintiff,<br><br>v.<br><br>COCOA DEVELOPMENT RETAIL, LLC dba GHIRARDELLI SQUARE GARAGE; JMA VENTURES LLC; COCOA PRC II, LLC; and DOES 1-10, Inclusive,<br><br>Defendants. | Case No. C09-2044 ~~MHP~~ RS<br>Civil Rights<br><br>**CONSENT DECREE AND ~~[PROPOSED]~~ ORDER** |

1. Plaintiff SEBASTIAN DEFRANCESCO filed a Complaint in this action on May 8, 2009, to obtain recovery of damages for his discriminatory experiences, denial of access, and denial of his civil rights, and to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. sections 12101 *et seq.*, and California civil rights laws against Defendants COCOA DEVELOPMENT RETAIL, LLC dba GHIRARDELLI SQUARE GARAGE ("CDR"); JMA VENTURES LLC; and COCOA PRC II, LLC (collectively, "Defendants") relating to the condition of their public accommodations and policies toward disabled

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE C09-2044 MHP

1

E:\GHIRARDELLI - 07-22-10\consent decree 7-22-10.wpd

persons as of June 20, 2008 and continuing. Plaintiff has alleged that Defendants violated Title III of the ADA and sections 51, 52, 54, 54.1, 54.3 and 55 of the California Civil Code, and sections 19955 *et seq.* of the California Health & Safety Code by failing to provide full and equal access to their facilities at Ghirardelli Square, 851 Beach Street, San Francisco, California.

2. Defendants deny the allegations in the Complaint and by entering into this Consent Decree and Order do not admit liability to any of the allegations in Plaintiff's Complaint filed in this action. Plaintiff SEBASTIAN DEFRANCESCO and Defendants (the "parties") hereby enter into this Consent Decree and Order for the purpose of resolving the injunctive relief portions of this lawsuit without the need for protracted litigation and without the admission of any liability.

**JURISDICTION:**

3. The parties to this Consent Decree agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 *et seq.*, and pursuant to supplemental jurisdiction for alleged violations of California Health & Safety Code sections 19955 *et seq.*; Title 24, California Code of Regulations; and California Civil Code sections 51, 52, 54, 54.1, 54.3, and 55.

4. In order to avoid the costs, expense, and uncertainty of protracted litigation, the parties to this Consent Decree agree to entry of this Order to resolve all claims regarding injunctive relief raised in the Complaint filed with this Court. Accordingly, they agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims for injunctive relief against Defendants. Issues of damages, and attorney fees, litigation expenses, and costs have not been resolved and will

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE C09-2044 MHP

E:\GHIRARDELLI - 07-22-10\consent decree 7-22-10.wpd

2

be the subject of further negotiation and/or litigation.

WHEREFORE, the parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

5. This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants for injunctive relief that have arisen out of or could have arisen out of the subject Complaint. The parties agree that there has been no admission or finding of liability or violation of the ADA and/or California civil rights laws, and this Consent Decree and Order should not be construed as such.

6. The parties agree and stipulate that corrective work will comply with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, and the Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to in this Consent Decree and Order.

7. **Remedial Measures:** Defendant CDR agrees to perform corrective work at Ghirardelli Square, 851 Beach Street, San Francisco, California. The scope of the corrective work agreed upon by the parties is detailed in **Attachment A.** CDR agrees to undertake all of the remedial work set forth therein.

8. **Timing of Remedial Measures:** In the event that Defendants experience unforeseen difficulties that prevent them from completing the agreed-upon work or the agreed-upon modifications to policies and practices either at all or in the deadlines specified herein, Defendants will (a) notify plaintiffs' counsel in writing within fifteen (15) days, (b) may seek relief from the

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE C09-2044 MHP

E:\GHIRARDELLI - 07-22-10\consent decree 7-22-10.wpd

3

Court from the obligations imposed in the Consent Decree and (c) may, upon a showing of good cause due to infeasibility, obtain relief from such obligations as the Court deems appropriate. Defendants or their counsel will notify Plaintiff's counsel when the corrective work is completed, and in any case will provide a status report no later than 180 days from the entry of this Consent Decree.

**DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES AND COSTS:**

9. The parties have not reached an agreement regarding Plaintiff's claims for damages, attorney fees, litigation expenses, and costs. The parties stipulate and request that the Court not dismiss the case because these significant issues remain unresolved.

**MEET AND CONFER**

9. At least ten (10) business days before plaintiff seeks any relief under the Consent Decree, including but not limited to by way of a motion to compel compliance with the Consent Decree, plaintiff will provide a notice to Defendants (pursuant to paragraph 10 of the Consent Decree) of his intention to seek such relief and will then meet and confer with Defendants' attorneys. In the event that the parties are unable to resolve any issues raised by plaintiff during that meet and confer period, plaintiff may then seek further relief from the Court under this Consent Decree.

**NOTICES**

10. Any notice required or permitted to be given under the provisions of this Consent Decree and Order shall be delivered to the address(es) of the parties specified below (or to such other address(es) that any party to the

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE C09-2044 MHP

E:\GHIRARDELLI - 07-22-10\consent decree 7-22-10.wpd

4

Consent Decree may provide in writing following entry of this Consent Decree):

a. Notices to Plaintiff:

    Paul Rein/Celia McGuinness
    Law Offices of Paul L. Rein
    200 Lakeside Drive, Suite A
    Oakland, CA 94612
    Telephone: 510-832-5001
    Facsimile: 510-832-4787

b. Notices to Defendants:

    Clifford E. Yin
    Coblenz, Patch, Duffy & Bass, LLP
    One Ferry Building, Suite 200
    San Francisco, CA 94111
    Telephone: 415-391-4800
    Facsimile: 415-989-1663

with a copy to:

    Todd Chapman
    JMA Ventures LLC
    706 Mission ST, 9th Fl.
    San Francisco, CA 94103
    Telephone: 415-546-7766
    tchapman@jmaventuresllc.com

**ENTIRE CONSENT ORDER:**

11. This Consent Decree and [Proposed] Order, constitute the entire agreement between the signing parties on the matters of injunctive relief.

**CONSENT ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

12. This Consent Decree and Order shall be binding on the parties and all successors in interest. The parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE C09-2044 MHP

E:\GHIRARDELLI - 07-22-10\consent decree 7-22-10.wpd

5

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO INJUNCTIVE RELIEF ONLY:**

13. Each of the parties to this Consent Decree understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree, any or all of them will incur, suffer or experience some further loss or damage with respect to the lawsuit which are unknown or unanticipated at the time this Consent Decree is signed. Except for all obligations required in this Consent Decree, the parties intend that this Consent Decree apply to all such further loss with respect to the lawsuit, except those caused by the parties subsequent to the execution of this Consent Decree. Therefore, except for all obligations required in this Consent Decree, this Consent Decree shall apply to and cover any and all claims, demands, actions and causes of action by the parties to this Consent Decree with respect to the lawsuit, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

    A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

14. Except for all obligations required in this Consent Decree, each of the parties to this Consent Decree, on behalf of each of them, and each of their respective agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges each other Party and all owners, members, officers, directors, shareholders, subsidiaries, affiliates, joint venturers, stockholders, partners, parent companies, employees, agents, architects, contractors, attorneys, insurance carriers, heirs,

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE C09-2044 MHP

E:\GHIRARDELLI - 07-22-10\consent decree 7-22-10.wpd

6

predecessors, and representatives, of and from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way could have arisen out of or is or was connected with the lawsuit.

**TERM OF THE CONSENT DECREE AND ORDER:**

15. This Consent Decree and Order shall be in full force and effect for a period of two years after the date of entry of this Consent Decree and Order, or until the injunctive relief contemplated by this Order is completed, whichever occurs later. The Court shall retain jurisdiction of this action to enforce provisions of this Order for two years after the date of this Consent Decree.

**SEVERABILITY:**

16. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

17. Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

Dated: 7/22/10, 2010                    PLAINTIFF SEBASTIAN DEFRANCESCO

                                        _____
                                        SEBASTIAN DEFRANCESCO

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE C09-2044 MHP

7

E:\GHIRARDELLI - 07-22-10\consent decree 7-22-10.wpd

1
2  Dated: July 22, 2010          DEFENDANT COCOA DEVELOPMENT
3                                 RETAIL, LLC
4                                 By: _____
5
6  Dated: July 22, 2010          DEFENDANT JMA VENTURES LLC
7                                 By: _____
8  Dated: July 22, 2010          DEFENDANT COCOA PRC II, LLC
9
                                  By: _____
10
11
12 APPROVED AS TO FORM:
13 Dated: July 22, 2010           PAUL L. REIN, ESQ.
                                  CELIA McGUINNESS, ESQ.
14                                LAW OFFICES OF PAUL L. REIN
15
16                                By: _____
                                      Attorneys for Plaintiff
17                                    SEBASTIAN DEFRANCESCO
18
19 Dated: July 22, 2010           CLIFFORD YIN, ESQ.
                                  COBLENZ, PATCH, DUFFY & BASS, LLP
20
21
22                                _____
                                  Attorneys for Defendants COCOA
23                                DEVELOPMENT RETAIL, LLC; JMA
                                  VENTURES LLC; COCOA PRC II, LLC
24
25 //
26 //
27 //
28 //

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE C09-2044 MHP

E:\GHIRARDELLI - 07-22-10\consent decree 7-22-10.wpd

8

# ORDER

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

Dated: 8/11, 2010

Honorable ~~MARILYN HALL PATEL~~
United States District Judge
RICHARD SEEBORG

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE C09-2044 MHP

E:\GHIRARDELLI - 07-22-10\consent decree 7-22-10.wpd

9

# ATTACHMENT A: REMEDIATION

I. **PARKING**:

    A.    Provide seven designated accessible parking spaces at the garage at 900 North Point Street, San Francisco, CA, per the design of Jonathan Adler, attached and incorporated herewith as **Exhibit 1,** including one 8' wide access aisle to facilitate unloading from a van;

    B.    Provide signage at vehicle entrances stating accessible parking is located on floors one and eight and designated accessible street parking on Beach and North Point Streets;

    C.    Provide signage at vehicle entrances to garage stating, "Maximum Height 6' -5".

    D.    Post a "Minimum Fine" sign as required by the California Building Code;

    E.    Post an ISA sign at the head of each accessible parking space at a minimum of 55" above the finished floor unless site conditions are prohibitive, in which case the sign shall be posted so that a parked vehicle does not obscure the sign.

II. **BEACH STREET ENTRANCE:**

    A.    Replace the bronze sign at the entry door on Beach Street with an ISA sign;

    B.    Post tactile exit signage at the exit door;

    C.    Replace or adjust the door closer to require no more than five pounds of push pressure;

    D.    Inspect the door closer not less than every six months to maintain push pressure;

    E.    Remove door stop to provide a minimum 10" smooth bottom surface.

III. **INCLINE LIFT**

    A.    Provide a self-operable lift system with the following features:

        1.    Accessible signage that alerts users to an accessible means of communication for requesting a key to the lift;

        2.    Relocate the intercom that serves the lower lift within accessible reach range;

        3.     Install an intercom at the upper landing within accessible reach range;

B.     Once called, personnel will respond immediately to provide the lift key and offer assistance, at all hours that the stores and/or garage are open. CDR will train their employees and agents to make their best efforts to respond to a request for assistance at the lift within five minutes.

C.     Security personnel shall check the function of the lift at least once during each shift;

D.     Upon receiving actual or constructive notice that the lift is not functioning properly, CDR shall make repairs as soon as reasonably practicable but no longer than 10 business days, subject to instances where parts and permits may take further time, and will use best efforts to obtain such parts and permits in a commercially reasonable time frame;

E.     Whenever the lift is out of order a sign shall be placed on it stating the estimated date repairs will be completed and providing the name, title, and direct line phone number for the person responsible for the repairs.

## IV. GARAGE LEVEL SIX

A.     Replace door or install a retrofit product to extend the width of the bottom rail to 10" high;

B.     Remove door stop to provide a minimum 10" high smooth bottom surface;

C.     Provide a minimum 18" strike side clearance on the pull side of the door.

## V. ELEVATOR

A.     Provide voice-free emergency communication;

B.     Provide floor-level audible signals for the "up" and "down" directions.

## VI. RAMP TO PLAZA FROM PARKING GARAGE: Provide a wheel guide along both sides of the ramp.

## VII. MAIN PLAZA RAMP: By the date the Gary Danko Restaurant (or other public accommodation in the same space, by whatever name) opens to the

public, CDR will provide an accessible path of travel between that public accommodation and the main plaza.

## VIII. RESTROOMS – PLAZA LEVEL
   A.  Men's Restroom:
   1. Perform remediation in plan of Jonathan Adler, incorporated herein as **Exhibit 2**;
   2. Provide pull handles on the inside and outside of the compartment door;
   3. Lower the coat hook to maximum 48" above the finished floor;
   B.  Women's Restroom:
   1. Provide pull handles on the inside and outside of the compartment door;
   2. Relocate the side grab bar and toilet paper dispenser to meet CBC and ADAAG requirements;
   3. If necessary, relocate the existing hand dryer to meet CBC and ADAAG requirements or, if the model cannot be made accessible, install an additional accessible hand dryer;
   4. Relocate the semi-ambulatory stall compartment to be 36" wide.

## IX. TIMING
   A.  For Items in Section I, the corrective work will be completed within 60 days of the parties signing this Consent Decree;
   B.  For Items in Section II, the corrective work will be completed within three months of the parties signing this Consent Decree;
   C.  For Items in Section III, the corrective work will be completed within 30 days of the parties signing this Consent Decree, unless an intercom at the upper landing cannot be connected directly to the existing intercom, in which case CDR shall have 3 months to complete that work;
   D.  For Items in Section IV, the corrective work will be completed within three months of the parties signing this Consent Decree;
   E.  For Items in Section V, the corrective work will be completed within nine months of the parties signing this Consent Decree;
   F.  For Items in Section VI, the corrective work will be completed within four months of the parties signing this Consent Decree;

G.  For Items in Section VIII, the corrective work will be completed within 60 days of the parties signing this Consent Decree

EXHIBIT
1, p. 1

**Attachment 01 – page 2**

**Parking: Level 1 Modified**



Attachment 01 – page 8
Parking: Level 8 Modified

EXHIBIT 1, p.2

EXHIBIT 2

Attachment-04
Men's Toilet Stall




Figure A: The existing toilet stall is 87" long (95" req'd)
Figure B: Lengthening the existing stall to 95" would eliminate one of the two remaining stalls
Figure C: Recommendation: Provide equivalent facilitation by providing a clear area inside the stall for a wheelchair that is beyond sweep of the door, by performing the following items:

1) Widen stall to the limit of the wall that is behind the toilet (approx. 66")
2) Relocate the door laterally in the direction away from the toilet
3) Add supplemental grab bar on the back of the door to mitigate that the side grab bar will extend approx. 48" from the rear wall (54" required)